```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

DAMIEN LASHAWN THOMAS,

                Plaintiff,

-vs-

DECISION AND ORDER

17-CV-6019-CJS

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

## APPEARANCES

| | |
|---|---|
| For Plaintiff: | Kelly Elizabeth Laga-Sciandra, Esq.<br>Kenneth R. Hiller, Esq.<br>Law Offices of Kenneth Hiller, PPLC<br>6000 North Bailey Avenue Suite 1A<br>Amherst, NY 14226<br>(716) 564-3288 |
| For the Commissioner: | Catharine Louise Zurbrugg, Esq.<br>Social Security Administration<br>Office of General Counsel<br>26 Federal Plaza Room 3904<br>New York, NY 10278<br>(212) 264-0676<br><br>Kathryn L. Smith, A.U.S.A.<br>United States Attorney's Office<br>100 State Street, Fifth Floor<br>Rochester, NY 14614<br>(585) 263-6760 |

## INTRODUCTION

**Siragusa, J.** Damien Lashawn Thomas ("Plaintiff") brings this action pursuant to Title II of the Social Security Act seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income benefits. Presently before the Court are the parties' competing motions for judgment on the pleadings

pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, the Court grants Plaintiff's motion for a rehearing, and denies the Commissioner's cross-motion.

## PROCEDURAL HISTORY

On October 22, 2013, Plaintiff filed a claim for Supplemental Security Income. The Social Security Administration denied his claims, and he appeared before an Administrative Law Judge ("ALJ") for a hearing, lasting less than an hour, on August 14, 2015, at which a vocational expert also testified. The hearing took place over a video teleconference with Plaintiff in Rochester, New York, and the ALJ in Falls Church, Virginia at the National Hearing Center, R. 34. Neither a lawyer nor representative assisted Plaintiff at the hearing. The ALJ issued an unfavorable decision on February 11, 2016, which Plaintiff appealed. The Appeals Council denied review on November 8, 2016, and Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g) on January 9, 2017. The Court heard oral argument on April 26, 2018.

## THE ALJ'S DECISION

The Commissioner applied the five-step sequential evaluation for adjudicating disability claims, 20 C.F.R. § 416.920. At step one, the ALJ found Plaintiff had not engaged in any substantial gainful employment since October 22, 2013. R. 23. At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease and bursitis of the right hip. However, at step three, the ALJ also determined that the impairments, either singularly or together, failed to meet or medically exceed the severity of one of the Commissioner's listed impairments. R. 23.

Before proceeding to step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b). He added the following restrictions: prohibited from climbing ladders, ropes, and scaffolds; occasional climbing of ramps and stairs, balancing, kneeling, stooping, crouching, and crawling;

and avoid slippery and uneven surfaces, hazardous machinery, and unprotected heights. R. 23. At step five, considering Plaintiff's age, education, work experience, no past relevant work, and RFC, the ALJ determined that a significant number of jobs existed in the national economy that Plaintiff could perform, specifically: ticket taker, mailroom sorter, and hand packager. R. 26–27. Accordingly, the ALJ found Plaintiff not disabled. R. 27.

## SCOPE OF REVIEW

A district court may set aside the Commissioner's disability determination only if the Commissioner's "substantial evidence" is not present to support it, or if the Commissioner committed legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## DISCUSSION

Plaintiff argues that the Commissioner failed to consider "new and material evidence made part of the record which contains material clinical examinations and medical opinions contradictory to the ALJ's finding." Pl.'s Mem. of Law 17, Jul. 10, 2017, ECF No. 9-1. Therefore, Plaintiff argues the ALJ failed in his duty to develop the record. *Id*. As indicated above, Plaintiff was unrepresented at the ALJ hearing. The ALJ, though, did obtain evidence from Westside Health Services. However, at the Appeals Council level, Plaintiff submitted additional evidence, which, like the Westside Health Services evidence, was also made part of the Record. Plaintiff contends that "the Appeals Council made no specific determination or discussion [sic] of the newly[-]submitted evidence." *Id*.

3

Plaintiff submits, and the Court finds, that its review of the ALJ's decision must be based on the entirety of the Record evidence. *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996) ("Like the Tenth Circuit, we hold that the new evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision.").

The Commissioner argues that the ALJ met his legal requirement to develop the record, and that the new evidence submitted by Plaintiff to the Appeals Council does not change the outcome of the ALJ's determination. Comm'r Mem. of Law 19, Oct. 10, 2017, ECF No. 12-1. The Commissioner also argues that the Appeals Council did consider the new evidence Plaintiff submitted, and "properly concluded the information in the record did not provide a basis for changing the ALJ's decision." *Id*. Further, the Commissioner notes that "most of the records" in the new evidence Plaintiff submitted to the Appeals Council "were not from the relevant period or the 12 months prior to Plaintiff's application or were duplicates of records already before the ALJ." *Id*. 23.

In his reply memorandum of law, Plaintiff counters the Commissioner's contention that the ALJ properly evaluated his subjective complaints. Pl.'s Reply Mem. of Law 1, Oct. 31, 2017, ECF No. 13. Plaintiff did not address the issue of the ALJ's determination of his subjective complaints in Plaintiff's initial memorandum of law.

### *New Evidence Submitted to the Appeals Council*

As noted above, this Court must consider the entire Record in evaluating whether the substantial evidence supports the ALJ's decision. *Perez*, 77 F.3d at 45. The new evidence Plaintiff submitted to the Appeals Council, "over 300 pages of worker's compensation records," is contained in pages 257–567 of the Record (Exhibit 7F). Pl.'s Mem. of Law 17. Plaintiff argues that the evidence, although not within a year of his application, is nonetheless

relevant because it relates to his 2008 work injury. *Id*. 20. In that regard, the relevant period is the month following the month Plaintiff filed his application until the date of the ALJ's decision. *Frye v. Astrue*, 485 Fed. App'x 484, 485 n.1 (2d Cir. 2012); 20 C.F.R. §§ 416.335 & 416.330. Here, that would be October 22, 2013, until February 11, 2016. *Frye*, 485 F. App'x at 486 n.1. Therefore, the ALJ was obligated to consider documentation that is within this period.[1] Considering that evidence, and other evidence in the record, the Court finds that substantial evidence does not support the Commissioner's decision.

### *The ALJ's RFC Determination*

Plaintiff argues that the ALJ's RFC determination, that Plaintiff was capable of light work with certain restrictions, is not supported by the Record. The Court agrees. In reviewing this argument, the Court considered the evidence submitted to the Appeals Council from the relevant period of October 2013 until February 11, 2016. One exhibit in particular is contested: Exhibit 7F.

Exhibit 7F in the Record contains medical documentation from August 6, 2013, to May 10, 2016. R. 257. One opinion in Exhibit 7F that Plaintiff claims the Commissioner overlooked is from Carolyn L. Mok, M.D., Plaintiff's primary care physician, R. 344, dated June 4, 2011, R. 366. Dr. Mok's opinion that Plaintiff was "[c]leared for DSS for training…," R. 365, 437, 471 (the same record is included three times in the Record) is outside the relevant period. It was not error for the Commissioner to disregard that opinion.

The Commissioner argues that the relevant evidence in Exhibit 7F relates in large part to Plaintiff's workers compensation board hearing and shows that he committed fraud by claiming a work injury caused him to stop working, when the board found it was his work

---

[1] The ALJ informed Plaintiff at the hearing that only evidence from 2013 forward would be relevant. R. 40–41, 65.

5

disturbance that resulted in his discharge. R. 344 ("The claim for a work injury to the back is disallowed. The claimant is found to have committed fraud in the filing of this claim."). The Commissioner argues, and the Court agrees, that this evidence, though within the relevant period, supports the Commissioner's position, not Plaintiff's, with regard to Plaintiff's credibility. *See* R. 267 ("Based on the totality of the evidence, I find the employer witnesses credible in their testimony that there was a disturbance at work involving the claimant and that he was terminated from employment for that reason. I find no evidence to support the claim of a work injury and thus, the filing of a claim for an alleged work injury was done fraudulently and in violation of section 114-a.").

In challenging the Commissioner's decision, Plaintiff also relies on the opinions from a physician's assistant, and two doctors, from the relevant period. The Commissioner counters that those opinions, though relevant, would not have changed the ALJ's determination if he had had them before issuing his decision. Brianne Sisca, RPAC, ("P.A. Sisca") under supervision of Matthew D. Grier, D.O., F.A.A.P.M.R., Board Certified Physiatrist, R. 413, concluded after her February 11, 2014, examination, that Plaintiff had a herniated disc, spondylosis, radiculopathy, and right hip bursitis. R. 412. She recommended a magnetic resonance image be made, that he participate in physical therapy, and that he was 100% temporarily impaired. R. 412. She wrote that, "The patient cannot return to work because [of] severe pain," and concluded this would last 90 days. *Id*. (The same record is included at R. 417–19.) P.A. Sisca based her conclusions on her belief that Plaintiff injured himself at work on July 30, 2013. R. 417. However, the same July 30, 2013, injury was the basis for Plaintiff's workers compensation claim, which, as noted above, the board rejected finding that Plaintiff's description of the means of his injury was untruthful:

The claimant's testimony conflicts with the medical evidence as to the alleged

6

> history of the injury. The first medical the day after the alleged accident records the history as lifting a box of water bottles. The next medical report, almost three months later, has a history of the claimant lifting and reaching to grab something. A separate medical report from that same date, October 17, 2013, states the claimant was injured when he twisted his body, and a later medical report from January 2014 repeats that history.

R. 343–44. The board also noted the testimony of a witness, who stated that after the alleged work accident that formed the basis for Plaintiff's workers compensation claim, "he observed the claimant at Rochesterworks, where the witness was holding open interviews, and at first the claimant appeared to be walking normally, but when the claimant saw him he started to limp and he quickly walked out the door." R. 342. Based in part on this evidence, the ALJ concluded, *inter alia*, "the claimant's criminal and work history suggest that his severe impairments may not [be] the cause of his current unemployment." R. 25. The ALJ, however, did not have that information at the time of the hearing, so did not question Plaintiff about it.

The ALJ referred to P.A. Sisca's January 8, 2014, progress note where she concluded Plaintiff had a 75% disability that would last 90 days. R. 25, 239. In that regard, the ALJ noted that Plaintiff failed to follow-up with P.A. Sisca's treatment recommendation by attending only one physical therapy session from which the ALJ concluded that "[h]is failure to comply with this very conservative treatment recommendation strongly suggests that his pain was no longer a source of significant distress." R. 25. However, the ALJ did not question Plaintiff about the reasons for his failure to attend physical therapy.

On February 21, 2013, Dr. Mok examined Plaintiff and concluded the following: "pt disabled fr prev injury of back. Unable to do any physcial labor. Interested in re-training. Cleared for sedentary work/VESID. Avoid cold, wet areas." R. 216.

On October 17, 2013, Svetlana Troutina, M.D., examined Plaintiff and concluded that Plaintiff had a 75% temporary disability for 90 days. R. 210–11. She concluded that he could

7

return to work with the following limitations: "Bending/Twisting. Climbing Stairs/ladders, Lifting 15 lbs, Standing." R. 211.

On January 8, 2014, Dr. Trounina examined Plaintiff and concluded that for the next 90 days, he could "return to work with the following limitations[:] part time 4 hours/day, 5 days - Bending/ Twisting none, Climbing Stairs/ladders none, Kneeling no, no crawling, no squatting, Lifting 10 lbs, Operating heavy equipment none, Standing, Other no prolonged immobility." R. 239.

In an April 14, 2014, progress note, Dr. Grier concluded that Plaintiff suffered from a 100% disability and that he could not return to work for 90 days. R. 323.

On May 1, 2014, Walter D. Hoffman, M.D., conducted an independent medical examination of Plaintiff with regard to orthopedic surgery. R. 332. His impression after the exam was as follows:

> Chronic lumbosacral strain with degenerative disc disease of L4-S and L5-S1, causally related to his accident in 2008. The accident of July 30, 2013, aggravated mildly his pre-existing condition. There is strong documentation from the medical records that the claimant had chronic right lower back pain with pain into his right hip prior to the accident of July 30, 2013.
>
> There is significant subjective intensification of symptoms.

R. 334. Dr. Hoffman concluded that Plaintiff had a "[m]oderate degree of temporary disability (50%)." R. 334. He did not "feel this claimant should be on any narcotic medication," or that he "requires any further diagnostic testing," and should "follow up with his family physician, Dr. Mok, every month for the next 6 months." R. 334. He opined that Plaintiff was "capable of doing sedentary work with frequent position changes and no lifting, pushing, or pulling greater than 10 pounds." R. 334.

With regard to the medical evidence, Plaintiff cites to Social Security Ruling 96-8p and argues: "A plaintiff is entitled to know why the ALJ chose to disregard the portions of the medical opinions that were beneficial to her application for benefits." Pl.'s Reply Mem. of Law 23, Jul. 10, 2017, ECF No. 9-1.

The Commissioner points to the ALJ's determination that Plaintiff's doctors' "limited and conservative treatment" supported his determination that Plaintiff was not disabled. Comm'r Mem. of Law 15. In *Rivera v. Colvin*, No. 1:14-CV-816 (MAT), 2015 WL 614860 (W.D.N.Y. Oct. 19, 2015), Judge Telesca of this Court noted that

> the ALJ was entitled to consider evidence that plaintiff pursued a conservative treatment as one factor in determining credibility (see *Netter v. Astrue,* 272 F. App'x 54, 56 (2d Cir.2014)), and the ALJ was also entitled to consider plaintiff's own inconsistent statements regarding his substance abuse as undermining his overall credibility.

*Rivera*, 2015 WL 6142860, at *6. Here, however, treating and examining physicians were consistent in their opinions that Plaintiff was incapable of performing the full range of light work, and consequently, evidence of their conservative treatment was not a basis for the ALJ to determine that he was not disabled. *See Netter v. Astrue*, 272 Fed. App'x 54, 56 (2d Cir. 2008) ("because the district court relied on Dr. Regalla's conservative treatment regimen merely as additional evidence supporting the ALJ's determination rather than as 'compelling' evidence sufficient in itself to overcome an 'otherwise valid medical opinion,' the district court did not impermissibly 'substitute his own expertise or view of the medical proof for the treating physician's opinion.'") (citation omitted). At the hearing, the ALJ did not explore why Plaintiff was unable to attend physical therapy. R. 50.

The medical evidence may support a conclusion that Plaintiff is not disabled, but does not support the ALJ's conclusion that he is capable of light work. The ALJ's over reliance on Plaintiff's failure to attend physical therapy, R. 25, in light of the medical opinions and medical

9

imaging evidence, suggest that the ALJ should have conducted a more thorough examination of Plaintiff at the hearing if he was going to use his non-attendance as compelling evidence that Plaintiff was not disabled. Moreover, his reliance on Plaintiff's normal gait does not, without more, indicate that Plaintiff was not experiencing pain from the herniated disc and other problems identified in the MRI. Light work requires being able to lift up to 20 pounds, and possibly "a good deal of walking or standing…." 20 C.F.R. § 416.967(b). Additionally, the ALJ's restrictions, R. 23–24, do not address bending, or lifting, nor does it address sitting, or standing time limitations, something that the consultative medical examiner addressed ("frequent position changes"), R. 334, and Plaintiff testified about at the hearing, R. 44 ("I can't stand for too long. I can't sit for too long without having problems with my legs or my hips or something like that.").

## CONCLUSION

For the foregoing reasons, the Court denies Commissioner's cross-motion for judgment on the pleadings, ECF No. 12, and grants Plaintiff's motion, ECF No. 9. The Court reverses the Commissioner's decision denying benefits and remands this matter for a rehearing pursuant to sentence four of 42 U.S.C. § 405(g). The Court directs the Commissioner to expedite the rehearing in this case.

IT IS SO ORDERED.

DATED: May 7, 2018
Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge